UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PEARL JACQULYN TABB,<br><br>    Plaintiff,<br><br>-vs-<br><br>FIRST ADVANTAGE<br>BACKGROUND SERVICES CORP.,<br><br>    Defendant. | Case No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, PEARL JACQULYN TABB (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, FIRST ADVANTAGE BACKGROUND SERVICES CORP. (hereinafter "First Advantage"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**PRELIMINARY STATEMENT**

1.  This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.  Consumer reporting agencies that create background reports, like First Advantage, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

1

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

5. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as First Advantage's principal address is in this District, First Advantage transacts business within this District, and violations described in this Complaint occurred in this District.

8. Plaintiff is a natural person and resident of St. Louis County in the State of Missouri. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. First Advantage is a corporation headquartered at 1 Concourse Parkway NE, Suite 200 in Atlanta, Georgia 30328.

10. First Advantage is a "consumer reporting agency" as defined in 15 USC § 1681(f). First Advantage is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. First Advantage disburses such background reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. In or about March 2024, Plaintiff applied for housing with non-party, Fountains of Steeplechase Apartments, located in the State of Texas.

13. Upon information and belief, Fountains of Steeplechase Apartments hired First Advantage to prepare a background report on Plaintiff to determine her eligibility to rent an apartment.

14. On or about March 26, 2024, following a review of the background report prepared by First Advantage, Fountains of Steeplechase Apartments denied Plaintiff the opportunity to lease a property.

15. Fountains of Steeplechase Apartments denied Plaintiff the opportunity to lease an apartment from it because the background report prepared by Fountains of Steeplechase Apartments contained false and inaccurate information about Plaintiff.

16. Specifically, the background report prepared by First Advantage falsely stated that Plaintiff was a defendant in an eviction proceeding filed in St Louis, Missouri, Case No. 2222-AC11654 (hereinafter "Eviction Proceeding").

17. The Eviction Proceeding was filed on October 14, 2022, by EHP Management Co. for the real property located at 4938 Potomac Street, 1W in St. Louis, Missouri 63139.

18. The Eviction Proceeding was dismissed with prejudice on December 13, 2022, and judgment was not entered against Plaintiff.

19. In or about early April 2024, Plaintiff contacted First Advantage via telephone to dispute the erroneous and inaccurate reporting in her background report. Plaintiff advised First Advantage that the Eviction Proceeding was dismissed and should be removed from her background report.

20. On or about April 11, 2024, Plaintiff received a letter from Fountains of Steeplechase Apartments which stated her application for housing was now approved.

21. On or about June 21, 2024, Plaintiff obtained a copy of her background report from First Advantage, and upon review, Plaintiff observed the Eviction Proceeding was now correctly reported as dismissed.

22. As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

  i. Monies lost by attempting to fix her background file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii. Loss of time attempting to cure the errors;

  iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by First Advantage's reluctance to fix the errors; and

  iv. Defamation as First Advantage published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, First Advantage Background Services Corp. (Negligent)

23. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully stated herein.

24. First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

25. First Advantage allowed inaccurate information to be reported on Plaintiff's background file.

26. First Advantage prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

27. As a direct result of this conduct, action and/or inaction of First Advantage, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

28. The conduct, action, and/or inaction of First Advantage was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

29. Plaintiff is entitled to recover costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, PEARL JACQULYN TABB, respectfully requests that this Court award actual damages against Defendant, FIRST ADVANTAGE BACKGROUND SERVICES CORP., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, First Advantage Background Services Corp. (Willful)**

30. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully stated herein.

31. First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

32. First Advantage allowed inaccurate information to be reported on Plaintiff's background file.

33. First Advantage prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

34. As a direct result of this conduct, action and/or inaction of First Advantage, Plaintiff suffered damages, including without limitation, denials for

housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

35. The conduct, action, and/or inaction of First Advantage was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, PEARL JACQULYN TABB, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FIRST ADVANTAGE BACKGROUND SERVICES CORP., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PEARL JACQULYN TABB, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive

damages against Defendant, FIRST ADVANTAGE BACKGROUND SERVICES CORP., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of June 2024.

Respectfully submitted,

**/s/ _Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email: Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*